UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GLENN MCCONNELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:16-CV-0823-B |
| | § | |
| RENO AUTO WRECKING, INC. a/k/a | § | |
| RENO AUTO WRECKING, LLC a/k/a | § | |
| NORTH NEVADA AUTO WRECKING | § | |
| GROUP, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Glenn McConnell's ("McConnell") Application for Temporary Restraining Order, which is contained within his Original Complaint (Doc. 1). In the Application, McConnell requests that the Court issue a temporary restraining order (TRO), without notice to Defendant Reno Auto Wrecking, Inc. ("Reno"), to prevent Reno from tampering with or moving an automobile involved in an accident that caused injuries to McConnell. Doc. 1, Appl. for TRO 5. For the reasons that follow, the Court **DENIES** the Application.

McConnell alleges that he was injured in an accident involving the subject vehicle in August 2015, and that he has entered into a contract with Reno, through his attorneys, to purchase the vehicle, which is "key evidence in [a] potential products liability action." *Id.* ¶¶ 4–5; Doc. 1-3, Ex. C, Invoice. McConnell seeks to preserve the vehicle in its current condition, but Reno allegedly refuses to release it to him or his attorneys, despite the contract. *Id.* ¶ 5. As a result, McConnell argues, "there is true concern for the safekeeping of this evidence." *Id.* He therefore seeks this TRO,

arguing that he will suffer irreparable harm if it is not granted and that there is no time to give notice to Reno. *Id.* ¶ 12.

Temporary restraining orders, and motions seeking them, are governed by Federal Rule of Civil Procedure 65(b). For a court to issue a TRO without notice to the adverse party, two conditions must be met: (1) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition"; and (2) "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(A)–(B). To prevail, an applicant must establish: "(1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest." *Altairia Corp. v. Woodbolt Distrib., LLC*, No. A-14-CA-0471, 2014 WL 3121899, at *1 (W.D. Tex. July 7, 2014) (quoting *Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009)).

Here, McConnell has failed to show that there is a "substantial threat" that Reno will tamper with or move the vehicle. The only facts before the Court are that Reno possesses the vehicle, the vehicle is valuable evidence in a potential lawsuit, McConnell's attorneys have entered into a contract to purchase the vehicle, and Reno has not released the vehicle to them. Doc. 1, Appl. for TRO ¶¶ 4–7; Doc. 1-3, Ex. C, Invoice. To infer from these allegations that Reno is likely to tamper with the vehicle would be pure speculation. Furthermore, McConnell has not given any reasons why notice to Reno should not be required—he merely states, in conclusory fashion, that "[t]here is no time for notice." Doc. 1, Appl. for TRO ¶ 12. Therefore, McConnell has failed to make the requisite

showing, and his application for an ex parte TRO must be **DENIED**.

**SO ORDERED.**

**Dated: March 24, 2016.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE